UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                )
                                      )
    DAVID JOHN MROCHEK         )    Case No. 06-11639-SSM
                                      )    Chapter 13
        Debtor             )

**MEMORANDUM OPINION AND ORDER**

      Before the court is the motion of Gerald M. O'Donnell, chapter 13 trustee, for an order confirming the debtor's modified plan, but at a payment amount for the final 50 months that is $370.00 a month more than the debtor has proposed. A hearing was held on April 25, 2007, at which the debtor was represented by his attorney of record. For the reasons stated, the court will treat the motion as an objection to confirmation and will deny confirmation unless the payment for the final 50 months is increased from the proposed $400 per month to $550 per month.

<u>Background</u>

      David John Mrochek owns and operates a construction-related company called Able Services, Inc.[1] He filed a voluntary petition in this court on November 30, 2006, for adjustment of his debts under chapter 13 of the Bankruptcy Code. On his schedules of assets and liabilities, he listed $94,909 in unsecured debt. His schedules of income and expenses showed net monthly income of $3,310 and expenses of $3,198, which included a

---

[1] The company filed a voluntary chapter 11 petition in this court on October 16, 2005. *In re Able Services, Inc.*, Case No. 05-15828-SSM. A plan of reorganization was confirmed on March 14, 2007.

1

truck payment of $651 per month. The debtor testified at the hearing that the last truck payment is due in June 2007.

The first plan filed by the debtor proposed to pay the chapter 13 trustee $125 per month for 36 months. After the trustee and two creditors objected to confirmation, the debtor filed on March 13, 2007, the modified plan that is currently before the court. The plan proposes to pay the trustee "$400 per month for 56 of the remaining 60 months,"[2] and estimates a dividend to unsecured creditors of 10 cents on the dollar after payment of a priority tax claim and a modest mortgage arrearage claim.[3] An amended schedule of income and expenses attached to the plan show net monthly income of $3,318 and monthly expenses of $3,198, again including the truck payment.[4] Timely objections were filed by the Virginia Department of Taxation and the Internal Revenue Service. The trustee did not formally object to confirmation but did, prior to the objection deadline, file the motion that is before

---

[2] The phrasing is obviously inartful, since the term of the original plan was 36 months, not 60 months. Presumably "remaining" refers to the maximum 60-month term of a chapter 13 plan from the date the first payment in the case becomes due. *See* § 1322(d)(1) and (2), Bankruptcy Code. The court accordingly construes the plan to provide for 4 payments of $125 per month (the amount specified in the original plan, and presumably already paid), followed by $400 per month for 56 months, for total plan funding of $22,900.

[3] The plan provides that the priority tax claim of the Internal Revenue Service, and a portion of the priority tax claim of the Virginia Department of Taxation, would be paid by Able Services under its confirmed chapter 11 plan. The objections of the Internal Revenue Service and the Virginia Department of Taxation have been addressed by consent orders to be submitted that preserve the rights of those two creditors if Able Services fails to make the payments.

[4] The debtor made an apparent arithmetic error in adding up the expenses. The actual total of the figures shown comes to $3,228, which would leave a monthly surplus of only $90 rather than $120.

2

the court to increase the plan payment for the last 50 months of the plan to $770 per month to take account of the fact that the debtor would no longer be making the truck payment.

At the hearing on the trustee's motion, the debtor presented a revised budget reflecting $3,258 in monthly take-home pay and $2,855 in monthly expenses after payoff of the truck loan, for a surplus of $403 per month. The following table shows the income and expense figures as set forth on the original Schedules I and J, the schedules attached to the modified plan, and the budget presented at the hearing:

|  | Original | Amended | Hearing |
|---|---|---|---|
| **Income** | | | |
| Gross monthly income | $ 4,333.33 | $ 4,333.00 | $ 4,166.00 |
| Payroll deductions | $ 1,022.67 | $ 1,015.00 | |
| Net monthly income | $ 3,310.66 | $ 3,318.00 | $ 3,258.86 |
| | | | |
| **Expenses** | | | |
| Rent or mortgage | $ 1,492.00 | $ 1,492.00 | $ 1,447.00 |
| Electricity and heating fuel | $ 125.00 | $ 125.00 | $ 175.00 |
| Telephone | | | $ 37.00 |
| Garbage | | | $ 25.00 |
| Cable TV | $ 50.00 | $ 50.00 | $ 60.00 |
| Home maintenance | | | $ 175.00 |
| Food | $ 400.00 | $ 400.00 | $ 200.00 |
| Clothing | $ 20.00 | $ 20.00 | $ 50.00 |
| Laundry and dry cleaning | $ 10.00 | $ 10.00 | $ 50.00 |
| Transportation | $ 150.00 | $ 150.00 | $ 250.00 |
| Newspapers, periodicals, etc. | | | $ 25.00 |
| Charitable contributions | | | $ 40.00 |
| Life insurance | $ 150.00 | $ 30.00 | $ 166.00 |
| Health insurance | | $ 150.00 | |
| Auto insurance | $ 150.00 | $ 150.00 | $ 85.00 |
| Taxes (personal property) | | | $ 70.00 |
| Auto installment payment | $ 651.00 | $ 651.00 | |
| Total Expenses | $ 3,198.00 | $ 3,228.00 | $ 2,855.00 |
| | | | |
| Surplus | $ 112.66 | $ 90.00 | $ 403.86 |

The debtor testified that some of the increases, such as heating fuel and transportation expenses (primarily gasoline for two vehicles) simply reflects the recent increase in fuel

3

costs. The other additions and adjustments (a few downward but mostly upward) resulted from his going back and analyzing the actual bills.

## Discussion

Although styled as a motion for entry of a confirmation order, the trustee's pleading—because it seeks entry of a confirmation order that varies the provisions of the plan—is functionally an objection to confirmation unless the plan is amended to provide for payments in the amount the trustee has requested. As noted, the plan requires payments of $400 per month for the final 56 months; the trustee wants to increase the payment to $770 per month for the final 50 months, since the truck will have been paid off by that time, thereby freeing up the $651 per month that the debtor has been paying on the truck.[5]

The trustee is—understandably—both annoyed at, and skeptical of, a last-minute budget revision that, in response to what is functionally a disposable income objection, magically results in a bottom line that suddenly corresponds to the debtor's proposed plan payment.[6] The court is likewise annoyed and skeptical. Annoyed because the substance of the debtor's explanation is that he really did not verify the figures (some of which were apparently pulled from the air) shown on the previous income and expense schedules, the

---

[5] Since the debtor's proposed plan payment exceeded by approximately $300 a month the monthly surplus as shown on the income and expense schedule attached to the plan, a portion of the truck payment would have gone to covering the shortfall. The trustee simply sought to increase the plan payment by what remained after covering that shortfall.

[6] Had the budget that was presented at the hearing been attached to the modified plan, it is possible that the trustee might not have objected, since on their face the claimed expenses do not seem excessive. At the same time, the trustee was given no opportunity to verify the figures. Although the trustee declined the court's offer of a continuance, it was, at the very least, highly discourteous of debtor's counsel not to have provided the revised budget to the trustee well in advance of the hearing.

most recent of which was filed only a month ago.  And skeptical because of the magical way the calculation results in almost the precise figure the debtor has proposed to pay.  Some of the additional expenses (for example, the personal property taxes on the debtor's two vehicles) may represent honest oversights.  But others (such as home maintenance and newspapers, periodicals, and books) appear to represent expenses that were previously not incurred so that the debtor could make the truck payment.  Although the disposable income test has never required that a debtor reduce himself to penury and has allowed reasonable living expenses, it does seem that if the debtor has been able to squeeze expenses sufficiently for four years (as this debtor has) to make the truck payment, at least some portion of the funds freed up when the truck payment ceases should be shared with creditors.  In any event, having considered the debtor's revised budget in light of the testimony at the hearing, the court believes that the debtor could, without unreasonable hardship, increase the plan payment by an additional $150 after the truck is paid off.  For that reason, the court will deny confirmation unless the debtor agrees to increase the plan payment for the last 50 months of the plan to $550.00 per month.[7]

## O R D E R

For the foregoing reasons, it is

**ORDERED:**

1.  The trustee's motion for entry of a confirmation order, which the court treats as an objection to confirmation, is granted in part, and confirmation will be denied

---

[7] The total plan funding would therefore be 4 payments of $125.00 each, 6 payments of $400.00 each, and 50 payments of $550.00, for a total of $30,400.00.

unless, within <u>10 days</u> of the entry of this order the debtor either (a) files with the court a consent to increase the plan payment to $550.00 per month for the last 50 months of the plan or (b) endorses without objection a confirmation order to be prepared and submitted by the trustee providing for payment in that amount.

        2.  The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____      _____
                                                    Stephen S. Mitchell
Alexandria, Virginia                            United States Bankruptcy Judge

Copies to:

David John Mrochek
14023 Orlando Road
Nokesville, VA 20181
Debtor

David E. Jones, Esquire
11211 Waples Mill Road, Suite 210
Fairfax, VA  22030
Counsel for the debtor

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee

Robert K. Coulter, Esquire
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, VA  22314

Jeffrey A. Scharf, Esquire
Taxing Authority Consulting Services, P.C.
2812 Emerywood Parkway, Suite 220
Richmond, VA 23294
Counsel for the Virginia Department of Taxation